UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES A. ASPINWALL, individually and on behalf of all other similarly situated individuals, <br>     Plaintiff, <br><br> V. <br><br> RUDY'S LIMOUSINE SERVICE, INC., ROY SPEZZANO and DANIEL SPEZZANO <br>     Defendants. | :    CIVIL ACTION NO: <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :    March 26, 2014 |

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This is an action for compensatory damages, liquidated damages, penalty damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA").

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. § 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

## III. PARTIES

5. Plaintiff, Charles A. Aspinwall ("Aspinwall"), is an individual residing in Derby, Connecticut. At all times relevant to this Complaint, Aspinwall was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6. Defendant, Rudy's Limousine Service, Inc. ("Rudy's"), is a Connecticut corporation with a principal place of business located at 85 Old Long Ridge Road, Stamford, Connecticut. At all times relevant to this Complaint, Rudy's was the employer of Aspinwall and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

7. Defendant, Roy Spezzano, is the owner and Chief Executive Officer of Rudy's. At all times relevant to this Complaint, Roy Spezzano had the authority to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Aspinwall and all other similarly situated individuals. Roy Spezzano's exercise of that authority was the direct cause of Rudy's failure to pay wages as set forth below. Accordingly, Roy Spezzano was the employer of Aspinwall and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

8. Defendant, Daniel Spezzano, is the President of Rudy's. At all times relevant to this Complaint, Daniel Spezzano had the authority to set the hours of employment, hire and fire, maintain employment records, to direct the work and to determine the rate and method of payment of wages of Aspinwall and all other similarly situated individuals. Daniel Spezzano's exercise of that authority was the direct cause of Rudy's failure to pay

wages as set forth below. Accordingly, Daniel Spezzano was the employer of Aspinwall and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

## IV. FACTS

9. During the period of the claim, Defendants have employed Aspinwall as one of approximately 100-150 limousine drivers, responsible for picking up and driving Defendants' customers to specified locations, usually in New York or New Jersey. They would often have to wait for an assignment to pick up a passenger for the trip back to Connecticut.

10. During the time between assignments, they were required to wait and be on call. The time spent waiting was compensable time under the law since they were not free to engage in personal activities and the waiting time was primarily for the benefit of Defendant.

11. The work of all Limousine Drivers was similar in that they were simply given instructions on who to pick up and where to take them. They were not involved in sales or management in any way. They all performed exactly the same tasks in exactly the same way.

12. Aspinwall and all other Limousine Drivers customarily and regularly worked between 50 and 100 hours per week, but were not paid overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours over 40 per week, as required by the CMWA and FLSA. Instead, they were all paid the same rate for their work even when they worked beyond 40 hours in a week.

## V. COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A. The FLSA Class

13. Aspinwall brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

14. In addition, and in the alternative, Aspinwall brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

15. The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed as Limousine Drivers at any time after March 27, 2011 through the date of final judgment.

16. Aspinwall reserves the right to amend said class definition consistent with information obtained through discovery.

17. Aspinwall sues on behalf of himself and those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), in that Aspinwall and the members of the putative class are similarly situated.

18. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Aspinwall and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

### B. The Connecticut Class

19. Aspinwall also sues on behalf of himself and all other members of the Connecticut class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20. The Connecticut Class is defined as follows:

> All current and former employees of Defendants who were employed as Limousine Drivers at any time after March 27, 2012 through the date of final judgment.

21. Class certification for these Connecticut law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

22. The class is so numerous that joinder of all members is impracticable. On information and belief, there have been approximately 50 or more limousine drivers in Connecticut during the past two years.

23. There are questions of law and fact common to the class, including whether or not the putative class members worked hours for which they were not paid overtime compensation in violation of Connecticut law and whether Defendant's compensation of Plaintiffs and the class was unlawful.

24. Aspinwall's claims are typical of those of the class members. Aspinwall's claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Aspinwall's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the CMWA by Defendants' conduct apply equally to Aspinwall and to the class.

25. Aspinwall will fairly and adequately protect the interests of the class. Aspinwall's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

26. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## VI. COUNT ONE –COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS

27. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Aspinwall and all other members of the FLSA class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

28. Accordingly, Aspinwall and all other members of the FLSA class are entitled to damages, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

## VII. COUNT TWO – CLASS ACTION CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA ON BEHALF OF PLAINTIFF AND THE CONNECTICUT CLASS

29. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, in that Defendants failed to pay Aspinwall and all other members of the Connecticut Class at one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week.

30. Defendants' conduct in failing to pay Aspinwall and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one-and-one-half times their regular rate of pay, but failed to do so.

31. Accordingly, Aspinwall and all other members of the Connecticut Class are entitled to damages, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes § 31-68.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated persons:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employed by Defendants as Limousine Drivers. Such notice shall inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of members of the Connecticut class and the appointment of Plaintiff and his counsel to represent the class;

c. Unpaid overtime wages under the FLSA;

d. Unpaid overtime wages under the CMWA;

e. Withheld wages under the CMWA;

f. Liquidated damages under the FLSA;

g. Penalty damages under CMWA;

h. Pre-Judgment and Post-Judgment interest, as provided by law;

i. Attorneys' fees and costs of suit under the FLSA and CMWA, including expert fees; and

i. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Charles A. Aspinall, individually and on behalf of other similarly situated individuals

By: _____
Richard E. Hayber
**Hayber Law Firm, LLC**
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com

Attorney for Plaintiff and the Class
