# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Charles A. Aspinwall and Robert Hutcheon (collectively "Named Plaintiffs") and Rudy's Limousine Service, Inc., Roy Spezzano and Daniel Spezzano (collectively, "Defendants" or "Rudy's") to resolve all claims asserted by Named Plaintiffs against Rudy's in the action referred to below.

WHEREAS, on March 26, 2014, Charles A. Aspinwall and Robert Hutcheon individually and on behalf of all others similarly situated, filed this case –*Aspinwall, et al. v. Rudy's Limousine Service, Inc., et al*, No. 3:14-cv-00388-AWT ("Lawsuit")- alleging that Rudy's unlawfully did not pay Named Plaintiffs and other Chauffeurs overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"). Aspinwall filed the suit seeking certification of a FLSA collective under §216(b) and a Rule 23 class under the CMWA. Because he alleged a willful violation under the FLSA, under 29 U.S.C. § 255(a), he claimed that the statute of limitations is three years going back to March 26, 2011; and

WHEREAS, the parties have engaged in good faith litigation including the exchange of documents and the taking of depositions; and

WHEREAS, the parties recently agreed to jointly move for a stay of the litigation and to engage in good faith negotiations; and

WHEREAS, the parties appeared before Magistrate Judge Donna Martinez on March 10, 2015 and engaged in extensive in person negotiations and reached an agreement to resolve this litigation in principle subject to Court approval;

THEREFORE, in consideration of the premises and the mutual promises and terms set forth in the Agreement, the Parties agree as follows:

1. Definitions

    (a)    Named Plaintiffs: Charlie Aspinwall and Robert Hutcheon.

    (b)    Opt-in Plaintiffs:  Eleven of the 12 Chauffeurs who opted into this case and who have not opted out of the case.  Their names are listed on Schedule A, attached.

(c)      CMWA Plaintiffs: Excluding Named Plaintiffs, there are ninety three (93) other individuals who received payments and signed WH-58s (releases of the FLSA claims for the two years indicated) as part of a US DOL Investigation conducted in 2014.    Their names are listed on Schedule B, attached.    These Chauffeurs have CMWA claims beyond the amount paid to them if their actual damages exceed the amounts paid through the US DOL audit or if they prove that Defendants' conduct in failing to pay them overtime wages was arbitrary, unreasonable or in bad faith so as to justify penalty damages under the CMWA.

2.    Joint Motion for Judicial Approval

The parties agree to file a joint motion seeking approval of this Agreement by the Honorable Judge Alvin Thompson, USDJ, and a proposed order dismissing the Lawsuit to be entered by the Court if it approves the Agreement.

The Parties and their counsel agree to cooperate in good faith and take any necessary actions to obtain final approval of the Agreement and to implement the terms and conditions of the Agreement.  The parties further agree that, if the settlement provided herein is not approved by the Court in accordance with the terms of this Agreement, the Parties will continue to negotiate in good faith an agreement with terms that are acceptable to the Court.  The parties also agree that, should the Court not grant final approval to the settlement, the parties will return to their respective litigation status quo prior to December 11, 2014, the date the parties jointly moved to stay the litigation for purposes of conducting settlement negotiations.

3.    Non-Admission/Confidentiality

By entering into this Agreement, the parties do not admit any liability, wrongdoing, or violation of law, statute, ordinance, order, regulation, agreement, benefit plan, or policy and expressly deny the same.  This Agreement is entered into solely for the purpose of amicably resolving the matters in controversy between the parties and to avoid the expense of further litigation. The Hayber and the Quinn Law Firms, together with their respective counsel, each agree to remove and have removed information from their respective websites or social media outlets regarding the claims against Rudy's and/or the settlement thereof, and further agree not to repost or advertise in anyway the claim or the settlement on their websites, social media, and/or the internet and or world wide web in general

2

4.    Dismissal of Claims

Named Plaintiffs acknowledge and accept the consideration provided by this
Agreement for their release and satisfaction of all claims covered by this Agreement,
including attorney's fees and litigation costs.  Based upon the provisions herein,
Named Plaintiffs agree to request that the Court dismiss with prejudice the Lawsuit
as to the Named Plaintiffs and as to any putative collective and class member who
signs a release and without prejudice as to any members of the alleged putative
collective and class who do not sign a release.

5.  Settlement Fund

The total amount Rudy's will pay pursuant to this Agreement is up to a
maximum of ninety five thousand dollars (**$95,000**).  The parties agree that Named
Plaintiffs will propose -and Rudy's will not contest- the following allocation of the
settlement fund in the motions for settlement approval to be filed with the Court:

a.    Named Plaintiffs:  Aspinwall will receive $1,000 for his damages and
an incentive award in the amount of $3,000 for a total of $4,000.  Hutcheon
will receive $2,000 for his damages and an incentive award in the amount of
$3,000 for a total of $5,000.

b.    FLSA Opt-Ins: These 11 individuals will receive a total of $28,000,
distributed in *pro rata* shares based on the weeks they worked in the class
period and the amount of hours they worked.

c.    CMWA Plaintiffs:  Each member of this group will receive a check in
the amount of $200 in return for their release of their state law claims; the 93
CMWA Plaintiffs will therefore collectively receive a total of $18,600.

d.    Attorneys' Fees and Costs:     Hayber Law Firm, LLC will receive
$39,400.

6.  Timing and Method of Payments to Plaintiffs and Attorneys

a.  Hayber Law Firm has calculated the amounts due each of the 11 FLSA
Opt In Plaintiffs and those figures are contained in a chart attached
hereto as Schedule A.

b.  Within ten (10) business days  of receiving notice of court approval,
Rudy's will issue and mail to the Hayber Law Firm (a) one check in the

3

amount of $39,400 to Hayber Law Firm, provided that the Hayber Law Firm has provided Rudy's with a fully executed copy of IRS Form 1099, (b) two checks payable to Aspinwall and Hutcheon in the amounts of $4,000 and $5,000 respectively, and (c) eleven checks in the amounts listed on Schedule A to the last known address of those plaintiffs.

c.  Within the same period, Rudy's will issue and mail ninety three (93) checks, each in the amount of $200, to the last known address of each of the CMWA plaintiffs, containing, either in the memo section or on the back of each check, the release language set forth in Paragraph 9 of this Agreement. The parties agree that Rudy's may retain any money from settlement checks that are not cashed by any of the CMWA Plaintiffs within ninety (90) days of the date of mailing the same to said Plaintiffs.

d.  Hayber Law Firm will calculate the amounts owed to the various individuals and send payments to them within one week of receipt of these funds.

7.  <u>Attorney's Fees</u>

Named Plaintiffs acknowledge and agree that they are not entitled to any attorney's fees or expenses other than those referred to in paragraph 6.

8.  <u>Named Plaintiffs Waiver and Release of Claims</u>

Named Plaintiffs, on their own behalf and on the behalf of their respective family members, heirs, legatees, next-of-kin, executors, administrators, representatives, successors, and assigns, fully and finally release and discharge Rudy's, its past, present and future parents, subsidiaries, affiliates, predecessors, successors and assigns, and their past, present, and future owners, directors, representatives, officers, employees, shareholders, agents, insurers, attorneys, partners, accountants, heirs legatees, next-of-kin,, executors, administrators, representatives, and conservators (cumulatively "releasees"), in their personal, individual, official, and/or corporate capacities, of and from any and all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, claims and demands whatsoever, in law or equity, which Named Plaintiffs ever had,

4

now have, or which they or their heirs, executors, administrators, successors and assigns (collectively "releasors") hereafter will, can or may have, whether now known or unknown, whether contingent or non-contingent, whether specifically asserted or not, arising out of or in any way connected with Named Plaintiffs' claims that they were owed overtime or other unpaid wages as of the date when a Court approves this Agreement.  These released claims include all claims related to the payment of wages, including, but are not limited to, claims under the FLSA or the CMWA, Conn. Gen. Stat. Title 31, Chapter 58 (§§ 31-58 *et seq.*);. Named Plaintiffs agree to release and discharge the releasees from all such claims which they could make on their own behalf, and also waive any right to become, and promise not to become, a member of any class or collective group in any proceeding or action in which a claim or claims related to their compensation against any releasee arises, in whole or in part, from any event which occurred prior to the date when a Court approves this Agreement. This release does not purport to waive claims arising under these laws based upon events or conduct which might occur after the date when a Court approves this Agreement.

9. <u>FLSA and CMWA Plaintiffs' Waiver and Release of Claims</u>

On the back or in the memo section of each check issued to and sent to the FLSA Opt In Plaintiffs and the CMWA Plaintiffs, will appear the following release language:

"By signing above and accepting these funds I hereby release Rudy's Limousine Service, Inc., Roy Spezzano and Daniel Spezzano from any and all claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and under the Connecticut Minimum Wage Act ("CMWA"). I understand that my interests have been represented by an attorney before signing this release and

that the Court has approved the terms of this settlement agreement and release."

10.   Transfer of Claims

Named Plaintiffs represent that they have not transferred or assigned to any person, firm, corporation, association, or entity any released claim. Named Plaintiffs further represent that there is nothing that would prohibit them from entering into this Agreement.

11.   Entire Agreement

This Agreement contains the entire agreement between the Parties and supersedes all other agreements between the Named Plaintiffs and Rudy's regarding the claims covered by the Agreement.  This Agreement will not be changed, modified, discharged or terminated in any manner unless in writing and signed by all Named Plaintiffs and Defendant.

12.   Severability

The unenforceability of any provision of this Agreement will not affect or impair any other provisions, which will remain in full force and effect.

13.   Voluntary and Knowing Release

Named Plaintiffs acknowledge that they have read this Agreement, discussed it with their counsel, and understand its terms.  Named Plaintiffs acknowledge that they are voluntarily and knowingly entering into the Agreement.

14.   Choice of Law

This Agreement is to be interpreted pursuant to the laws of Connecticut.

15.   Counterparts

This Agreement may be executed in counterparts, and when each party has executed at least one counterpart, the counterpart will be deemed an original, and when taken together, will constitute one Agreement, which will be binding and

effective as to all parties.  Each counterpart of this Agreement may be executed in original, faxed, or electronic form, provided that it is duly executed.

16. Retention of Jurisdiction

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement, and the parties hereto submit to the jurisdiction of the Court for said purposes.

Charles A. Aspinwall

Date: ~~March~~ __, 2015
Apr. 7

Rudy's Limousine Service, Inc.,.

By: _____

Title: President _____

Date: ~~March~~ Apr. 1 20 __, 2015

7

Roy Spezzano

Date: ~~March~~ _16_, 2015
April

Robert Hutcheon

Date: ~~March~~ _9_, 2015
April

Daniel Spezzano

Date: ~~March~~ _20_, 2015
April

8

**Schedule A**

| FLSA Opt-In Plaintiffs' Share of Settlement | | | | |
|---|---|---|---|---|
| Last Name | First Name | OT Owed | Percentage | Total Owed |
| Asghar | Waqar | $1,472.37 | 88.5% | $1,303.58 |
| Byrnes | Timothy | $689.52 | 88.5% | $610.47 |
| Crossley | Alex | $34.21 | 88.5% | $30.29 |
| Farrow | Keith | $12,809.09 | 88.5% | $11,340.65 |
| Fernandini | Alberto | $3,932.44 | 88.5% | $3,481.62 |
| Gordon | Evan | $886.73 | 88.5% | $785.07 |
| Magid | Sanford | $6,243.22 | 88.5% | $5,527.49 |
| Marziani | Bruce | $195.11 | 88.5% | $172.74 |
| Namane | Dino | $501.20 | 88.5% | $443.74 |
| Reamer | Daniel | $4,861.68 | 88.5% | $4,304.33 |
| | | | | |
| | | $31,625.57 | | $28,000.00 |